UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANTHONY HOFFMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:08-cv-255 |
| | ) | (Phillips) |
| GC SERVICES LIMITED PARTNERSHIP, KRISTON M. TIMBROOK, JOHN DOE, RUSSELL DOE, JAMES DOE, and JACK DOE | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' Motion for Leave to Appeal [Doc. 49]. Pursuant to 28 U.S.C. § 1292(b), defendants request that the Court certify for appeal its Memorandum and Order entered on March 3, 2010 [Doc. 48]. For the following reasons, defendants' Motion for Leave to Appeal [Doc. 49] is **DENIED**.

**I. BACKGROUND**

On March 3, 2010, the Court entered a Memorandum and Order in which it denied plaintiff's Motion for Partial Summary Judgment, and granted in part and denied in part defendants' Motion for Summary Judgment. [Doc. 48]. With regard to plaintiff's action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Court made the following rulings:

(1) The dispute over the PayPal account is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5);

(2) Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. §

1

    1692a(7);

  (3) Defendants are "debt collectors" within the meaning of the FDCPA, 15 U.S.C. § 1692a(7);

  (4) There is a genuine issue of material fact regarding whether defendants violated the FDCPA, 15 U.S.C. §§ 1692 *et seq*; and

  (5) There is a genuine issue of material fact regarding whether defendants are entitled to affirmative defenses under the FDCPA, 15 U.S.C. § 1692k(c).

Defendants request that the Court certify for appeal the issues raised in the Memorandum and Order. [Doc. 49].

## II. ANALYSIS

The Court may certify an interlocutory appeal if: "(1) the order involves a controlling question of law; (2) a substantial ground for difference exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of* Memphis, 293 F.3d 345, 350 (6th Cir. 2002) (citing *Cardwell v Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974). Defendants argue that the Court should certify their interlocutory appeal because:

  (1) Whether Defendants are debt collectors and whether the PayPal account is a debt are controlling issues of law;

  (2) As this matter is one of first impression in this circuit, there is substantial ground for a difference of opinion as to whether the improper credit constitutes a 'debt' under the FDCPA;

  (3) Rather than resulting in delay, an interlocturoy appeal would simplify the issues of this case, thereby materially advancing the ultimate termination of this suit.

[Doc. 49 at 1]. Before addressing each element, the Court notes that "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d

919, 922 (6th Cir. 1966). The movant has the burden to show that exceptional circumstances exist. *Id*.

As for the first element, the Court agrees that whether defendants are "debt collectors" and whether the PayPal account is a "debt" are controlling issues of law. Whether a party is a "debt collector" and whether an obligation is a "debt" are always going to be controlling issues of law in FDCPA actions.[1]

As for the second element, defendants have not shown a substantial ground for difference of opinion. As one court has held, this element is satisfied when "the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decision." *Eagan v. CSX Transportation Inc.*, 294 F. Supp. 2d 911, 916 (E.D. Mich. 2003). Defendants argue that (1) there are novel questions of law; and (2) there is disagreement among the courts.

First, while this case involves a question of first impression in this circuit, it does not involve "novel" or "difficult" issues. Motions for interlocutory appeal should not be certified simply because the case involves a question of first impression. The Sixth Circuit has repeatedly stated that motions for interlocutory appeal should only be certified in exceptional cases. *Kraus*, 364 F.2d at 922.

Second, defendants have not shown that there is substantial disagreement among the courts regarding these issues. Defendants only cite to two district court decisions. In their Memorandum in Support of the Motion for an Interlocutory Appeal [Doc.50], defendants argue that this case is

---

[1] To succeed on a claim under the FDCPA, a plaintiff must show that the money or property being collected qualifies as a "debt." 15 U.S.C. § 1692a(5). Second, the collecting entity must qualify as a "debt collector." 15 U.S.C. § 1692a(6). Third, a plaintiff must show that the debt collector violated a provision of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

guided by *Orenbuch v. Leopold, Gross & Summers, P.C.*, 586 F.Supp. 2d 105 (E.D.N.Y. 2008) and *Arnold v. Truemper*, 833 F.Supp. 679 (N.D. Ill. 1993). Defendants argue that the FDCPA does not apply because this case involves an "improper credit" rather than a "debt." The Court has already rejected this argument.[2]

Simply put, defendants have failed to show that there is a substantial ground for difference of opinion. "Serious doubt as to how an issue should be decided must exist in order for there to be substantial ground for difference of opinion." *Alexander v. Provident Life and Acc. Ins. Co.*, 663 F. Supp. 2d 627, 640 (E.D. Tenn. 2009). Even assuming that the two district court decisions conflicted with the Court's reasoning in its Memorandum and Order [Doc. 48], a disagreement with only two other courts is not enough to show that there is a "substantial ground for difference of opinion."

The Court will not address the third element because the second element was not satisfied. *In re City of* Memphis, 293 F.3d at 350. Each element must be satisfied before an interlocutory appeal will be certified. *Id.*

## III. CONCLUSION

Accordingly, defendants' Motion for Leave to Appeal [Doc. 49] is **DENIED.**

**IT IS SO ORDERED.**

              **ENTER:**

               s/ Thomas W. Phillips
               United States District Judge

---

[2] "It is the absence of a contract or negotiation that distinguishes the present case from *Orenbuch* and *Arnold*. With no contract or negotiation giving rise to the obligation to pay, there can be no 'debt' within the meaning of 15 U.S.C. § 1692a(5)." [Doc. 48 at 11].